66 F.3d 328
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Scott A. BALDWIN, Plaintiff/Appellant,
v.
Robert HAACK and Lawrence Demotto, Defendants/Appellees.
 No. 94-3114.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 12, 1995.*
Decided Sept. 13, 1995.
 
 Before FLAUM, RIPPLE and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Scott Baldwin brought suit pursuant to 42 U.S.C. Sec. 1983 alleging a violation of his Eighth Amendment rights. Baldwin appeals the district court's judgment against him after a bench trial. We affirm.
 
 
 2
 Baldwin, now incarcerated at the Oshkosh Correctional Institution, was in the Milwaukee County Courthouse on May 17, 1993, to appear before Judge Geske for sentencing. He was sentenced to seven years of imprisonment for second degree sexual assault on a child. Apparently disagreeing with the court's sentence, Baldwin exploded in the courtroom. He began to swear loudly and slammed his arm onto the table. Court officers attempted to restrain him, and as a result of the ensuing struggle two deputies were injured. Baldwin asserts that the defendants grabbed him and tripped him to the floor to handcuff him, thereby injuring him. As the deputies were removing him from the courtroom, he alleged that his head hit the door.
 
 
 3
 Baldwin argues that the district court erred in finding that the officers did not use excessive force in subduing him. We review questions of law de novo and factual determinations for clear error. See Cline v. Commissioner of Internal Revenue, 34 F.3d 480, 484 (7th Cir.1994). The Eighth Amendment protects convicted person from the unnecessary and wanton infliction of pain. Whitley v. Albers, 475 U.S. 312, 320 (1986). To determine whether prison officials used excessive force in violation of the Eighth Amendment, we consider "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously or sadistically to cause harm." Hill v. Shelander, 992 F.2d 714, 717 (7th Cir.1993) (quoting Whitley v. Albers, 475 U.S. 312, 320-21 (1986)). We may also take into account the need for the application of force, the extent of the injury inflicted, and the extent of the threat to the safety of others. Kinney v. Indiana Youth Center, 950 F.2d 462, 465 (7th Cir.1991), cert. denied, 112 S.Ct. 2313 (1992).
 
 
 4
 The trial court did not err in finding in favor of the defendants in this case. In protecting the sentencing judge and those in the courtroom from Baldwin's violent outburst, the deputies acted in good faith to restore order in the courtroom. Baldwin does not deny his behavior at his sentencing nor is there evidence that the injuries Baldwin sustained were inflicted maliciously. Therefore, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the Appellant's brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the Appellant's brief and the record